24CA1668 Peo v Lopez 08-13-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1668
Adams County District Court No. 23CR2127
Honorable Brett Martin, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Amador Jesus Lopez,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE FREYRE
Johnson and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 13, 2026

Philip J. Weiser, Attorney General, Jaycey DeHoyos, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Lindsey Parlin, Alternate Defense Counsel, Denver, Colorado, for Defendant-
Appellant

¶ 1    Defendant, Amador Jesus Lopez, appeals his judgments of conviction for sexual assault, second degree assault, third degree assault, and criminal mischief. We affirm the trial court's judgment.

## I.    Background

¶ 2    In 2023, Lopez assaulted his then girlfriend (the victim) over the course of two days. After escaping the last assault, the victim ran to a nearby hospital to be treated for her injuries.

¶ 3    At the hospital, the victim told medical personnel that Lopez had bitten her face, smothered her with a pillow, grabbed her by her hair, punched her, sexually assaulted her, and forcefully prevented her from leaving. DNA testing confirmed the presence of Lopez's DNA in connection with the victim's asserted injuries.

¶ 4    Lopez was charged with sexual assault, second degree assault, two counts of third degree assault, criminal mischief, and false imprisonment. Anticipating that the victim would not appear for trial (and she did not), the prosecution moved to admit her statements through the treating physician and the sexual assault nurse examiner (SANE) under CRE 803(4), the medical diagnosis and treatment exception to the rule against hearsay. Over the

1

defense's objection, the trial court found that some, but not all, of the victim's statements were admissible. The court identified each page and the particular statements in the medical records that it found admissible.

¶ 5    The SANE testified on direct examination as follows:

- The victim's "boyfriend or ex-boyfriend" was the assailant.

- "He" grabbed her by the ponytail, pulled her over the couch, put a cushion over for face, and smothered her for fifteen to twenty seconds.

- "He" slapped her across the nose, causing some swelling.

- When she tried to leave, "he" grabbed and squeezed her hand very hard before punching her in the face "a bunch of times."

- "He" grabbed her hair, bit her cheek, and dragged her around the house.

- "He" came out without pants on and told her to touch him. When she said no, "he" got closer, lowered himself onto her, and assaulted her.

- "He" gave her some unknown pills, and she slept through the night, which was abnormal for her.

¶ 6    The doctor testified to the following on direct examination:

- The victim's "ex-boyfriend" had bitten her on the face.

- She had been suffocated with a cushion two days before arriving at the hospital.

- She had been sexually assaulted the night before and [had] taken an unknown pill.

¶ 7    During trial, the court read a limiting instruction to the jury before the police officer testified about how she used the information provided by the victim. The court instructed the jury as follows:

> Thank you, folks, for your patience there. So I'm going to give you what's called a limiting instruction. You're about to hear some evidence that is being offered for a very specific and limited purpose and you can only consider it for the purpose I'm about to give you. So the information elicited by [the police officer] in just a moment you can only consider as to what next steps this officer took in her investigation. You can't consider it for any other purpose including the truth of what may or may not have been said in these statements.

¶ 8     The jury acquitted Lopez of third degree assault (face bite) and convicted him of the remaining charges.

II.     Admissibility of Victim's Statements Under CRE 803(4)

¶ 9     Lopez contends that the trial court reversibly erred in admitting the victim's statements through the medical professionals who treated her.  Specifically, he argues that the statements identifying him as the victim's assailant were improperly admitted in violation of his confrontation rights.  We are not persuaded.

A.     Standard of Review and Applicable Law

¶ 10    "The Sixth Amendment to the United States Constitution and article II, section 16 of the Colorado Constitution provide criminal defendants with the right to be confronted with the witnesses against them."  *People v. Hernandez*, 2021 CO 45, ¶ 19.  These clauses bar the admission of testimonial hearsay unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant.  *Nicholls v. People*, 2017 CO 71, ¶24.  We review a trial court's evidentiary rulings, such as allowing certain testimony during trial, for an abuse of discretion.  *Zapata v. People*, 2018 CO 82, ¶ 25.  We review de novo whether a ruling

impacted a defendant's rights under the Confrontation Clause. *Nicholls*, ¶ 17.

¶ 11     Hearsay is an out-of-court statement offered as evidence to prove the truth of the matter asserted. CRE 801(c). Hearsay is generally inadmissible unless it falls within an exception. *People v. McFee*, 2016 COA 97, ¶ 10.

¶ 12     As pertinent here, hearsay evidence may be admissible under CRE 803(4), which provides:

> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

¶ 13     The rationale underlying this exception is that statements made to a physician or similar medical professional are presumptively reliable because the patient trusts that the "effectiveness of the treatment . . . may depend largely upon the accuracy of the information provided to the physician." *People v. Jaramillo*, 183 P.3d 665, 669 (Colo. App. 2008).

¶ 14     Additionally, out-of-court statements that are offered only to show their effect on a listener are not hearsay and are admissible.

5

*People v. Robinson*, 226 P.3d 1145, 1151 (Colo. App. 2009). And the admission of nonhearsay does not implicate a defendant's confrontation rights. *Id.*

¶ 15    Nontestimonial hearsay also does not implicate a defendant's confrontation rights. *Nicholls*, ¶ 34. "We determine whether a hearsay statement is testimonial by considering whether, in light of all of the circumstances, viewed objectively, the statement was made 'with a primary purpose of creating an out-of-court substitute for trial testimony.'" *McFee*, ¶ 34 (quoting *Ohio v. Clark*, 576 U.S. 237, 245 (2015)).

## B.    Analysis

¶ 16    We first consider and reject Lopez's claim that the victim's statements were testimonial and, therefore, violated his confrontation rights. The trial record shows that the victim made her statements to medical professionals — a doctor and a nurse — and that she did so in medical facilities outside the presence of law enforcement officers. Moreover, the fact that a police officer drove her to the medical facilities does not transform a nontestimonial statement into a testimonial statement, and Lopez has cited no authority for this proposition.

¶ 17     To be sure, the SANE testified that her medical exam involved the collection of evidence as well as medical treatment.  And she obtained a medical release from the victim to discuss her treatment with law enforcement.  Our supreme court has recognized the importance of this dual role.  *See Teague v. People*, 2017 CO 66, ¶¶ 2, 10, 12-13 (A SANE serves as a valuable tool for "collecting . . . evidence" and also provides a "patient-centered medical procedure" that ensures "comprehensive care for victims.").  And because SANEs fulfill this dual role, trial courts must "distinguish[] between those aspects of the examination which were diagnostic in nature and those aspects which could arguably be labeled investigatory."  *People v. Vigil*, 127 P.3d 916, 924 (Colo. 2006).

¶ 18     The trial court did that here.  It admitted the victim's statements related to her physical injuries and the associated symptoms.  But it excluded her statements concerning Lopez's behaviors towards her, finding them prejudicial and outside the scope of the medical treatment hearsay exception.  "Out-of-court statements that fit within the medical diagnosis or treatment exception to the hearsay rule may . . . be admitted without violating the Confrontation Clause despite the declarant's failure to testify at

7

trial." *People v. Edwards*, 101 P.3d 1118, 1125 (Colo. App. 2004), *aff'd*, 129 P.3d 977 (Colo. 2006). Such statements include those describing "the inception or general character of the cause or external source" of the medical condition being treated if the statements are "reasonably pertinent to diagnosis or treatment." CRE 803(4). We conclude that the circumstances under which the victim gave her statements would have led a reasonable person in her position to expect those statements to be used for medical purposes rather than as a substitute for her trial testimony. *See McFee*, ¶ 34.

¶ 19    We are not persuaded otherwise by Lopez's reliance on *People v. Allee*, 77 P.3d 831, 834 (Colo. App. 2003), to argue that (1) the victim's motive in making her statements was not consistent with obtaining a medical treatment or diagnosis, and (2) the victim's statements were not reasonably relied on by the SANE for said treatment and diagnosis. *Allee* held that the identity of a victim's assailant generally does not serve a medical purpose. *Id.* But the *Allee* division recognized that an exception exists if a "portion of the statement is itself perceived by the medical provider as necessary for diagnosis and treatment." *Id.* In *Allee*, a division of this court

determined that the record in that case did not "indicate that the identification of defendant as the victim's assailant was necessary for or pertinent to the physician's diagnosis or treatment or that [the physician] made any referral to domestic abuse resources or took any other action based on that identification." *Id.* And even though the *Allee* division concluded that the court erred, it also determined that the error was harmless. This was because the physician's identification of the assailant was cumulative of testimony given by the investigating officers, which the defendant had not challenged. *Id.* at 835; *see also Jaramillo*, 183 P.3d at 669 (holding that, while admitting testimony from a victim's nurse practitioner that identified the victim's assailant was error, it was harmless because it was cumulative of testimony provided by the victim and the investigating officer).

¶ 20  Unlike *Allee*, neither the doctor nor the SANE identified Lopez by name. *See Allee*, 77 P.3d at 835. *Contra Jaramillo*, 183 P.3d at 669 (when the court did not parse out inadmissible statements). Additionally, Lopez's identity was later confirmed by DNA testing and not by the medical providers' testimony concerning who sexually assaulted her.

¶ 21    Like the divisions in *Allee* and *Jaramillo*, we agree that the identification of the victim's assailant may, in certain cases, further medical diagnosis and treatment purposes and, thus, be admissible under CRE 803(4).  And while we agree with Lopez that there was no ongoing emergency, an ongoing emergency "is not the touchstone of the testimonial inquiry."  *Michigan v. Bryant*, 562 U.S. 344, 374 (2011).  Proper medical care is a nontestimonial purpose. *Vigil*, 127 P.3d at 926.

¶ 22    To the extent Lopez argues that the victim's statements were testimonial because her medical evaluations were completed at the request of law enforcement, we are not persuaded.  The doctor, not the officers, determined that the victim should be treated by a SANE.  And no officers were present for any of the victim's examinations.  Accordingly, no Confrontation Clause violation occurred.  To the extent the officer testified that nurses and doctors were coming and going during the officer's interview, Lopez does not argue that the same occurred during the SANE exam. *See id.* at 924 (finding statements nontestimonial and noting that the officer was not in the room when the medical examination was performed).

¶ 23    Additionally, we discern no abuse of discretion or legal error in the trial court's admission of the police officer's testimony. The officer testified that she found a photo of the "potential suspect" and located his address based on information provided by the victim. We agree with the trial court that the prosecution offered this testimony not for the truth of the matter asserted, but to show why the officer took the next steps in the investigation. *See Robinson,* 226 P.3d at 1152 (concluding that a witness's out-of-court statements, admitted via a detective's testimony, were not hearsay because they were offered to show why investigating officers took certain investigative steps, not for the statements' truth). Moreover, the court instructed the jury that this testimony could not be considered for its truth but instead only "as to what steps this officer took in her investigation." Without any indication in the record to the contrary, we must presume the jury understood and followed this instruction. *See People v. Garcia,* 2012 COA 79, ¶ 20.

¶ 24    Finally, even if an error occurred, it was harmless because of the overwhelming evidence of Lopez's guilt, which matched him to DNA evidence associated with the victim's treated injuries. *See, e.g., People v. Summitt,* 132 P.3d 320, 327-28 (Colo. 2006) (holding

11

that the trial court's evidentiary error was harmless in light of "the overwhelming proof in the record that [the defendant] committed the crimes for which the jury convicted him"); *Tevlin v. People*, 715 P.2d 338, 342 (Colo. 1986) (holding that the trial court's error in admitting certain expert testimony was harmless given "the overwhelming evidence of guilt produced in this case"). Indeed, the SANE collected DNA samples from each area of the victim's body on which she had reported her boyfriend had hit or grabbed her. Lopez's DNA matched the DNA samples recovered from each area, including her neck, face, upper arm, back, hands, and abdomen. And the jury's decision to acquit Lopez of the third degree assault charged related to the cheek bite shows that the fleeting references to an "ex-boyfriend" were harmless. *See People v. Larsen*, 2017 CO 29, ¶ 16 (recognizing that "a split verdict is an indication that prejudice did not affect the jury's verdict" (citing *Martin v. People*, 738 P.2d 789, 795-96 (Colo. 1987))).

### III.   Disposition

The judgment is affirmed.

JUDGE JOHNSON and JUDGE KUHN concur.